## Brewster et al. v. Shuler et al.

(*Circuit Court, N. D. New York.* May 2, 1889.)

**Costs—Copies of Testimony.**
Defendants are entitled, in taxing costs, to tax the amount paid by them to the examiner for copies of their own testimony, procured for the necessary purpose of having the record printed; neither the examiner nor the clerk having any authority to let the original testimony be taken from their possession for that purpose.

In Equity. Appeal from taxation of costs.
*Philip J. O'Reilly,* for complainants.
*Martin L. Stover* and *R. N. Kenyon,* for defendants.

Coxe, J. The only question not determined at the argument is whether the defendants are entitled to tax the amount paid by them to the examiner for copies of their own testimony. These copies were procured for the purpose of having the record printed. The originals were in the hands of the examiner. He was required to file them with the clerk. It would have been a palpable neglect of duty on his part to permit the testimony taken by him to go into the hands of a party to the suit, and from thence to the printer to be mutilated, and perhaps lost. After the papers were filed, the clerk had no authority to permit them to be taken from his office. But the defendants were required to print their record. How, then, were they to proceed except by procuring copies? The disbursement is one which on principle should be allowed. But the precise question arose in 1881, in the Southern district of New York, in *Schoerken* v. *Swift,* (unreported.) The disbursement was allowed by the clerk, and, on appeal, his decision was sustained by Judge Blatchford. Since, then, it has been the uniform practice, concurred in by the court, to permit such items to be taxed. The bill for printing is allowed at the sum fixed upon the argument.